Jimmy **WASHINGTON** and Cheryl **Wash-ington, Individually and on Behalf of their Minor Children, Jennika Washington and Jimmy Washington, Jr., Plaintiffs,**

v.

Billy Ray **WILLIAMS, Enterprise Transportation Company and Union Carbide Corporation, Defendants.**

**Civ. A. No. W88–0042(B).**

United States District Court, S.D. Mississippi, W.D.

Sept. 21, 1988.

James E. Ross, Jr., Monroe, La., for plaintiffs.

Michael K. Randolph, Hattiesburg, Miss., James O. Dukes, Gulfport, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This cause comes before the Court on three pending motions: (1) Defendant Union Carbide's Motion to Dismiss or in the Alternative to Transfer Action or Stay Proceedings; (2) Plaintiffs' Motion for Change of Venue; (3) Defendant Billy Ray Williams' and Enterprise Transportation Company's Motion to Dismiss for Improper Venue or, Alternatively, to Transfer, and Motion to Dismiss for Duplicative Litigation or Alternatively to Stay Proceedings, and Motion for Sanctions. Having considered the subject motions and the memoranda and exhibits submitted therewith, the Court finds that the Defendants' Motions should be sustained and that the Plaintiffs' Motion for Change of Venue should be denied.

### I. *Factual and Procedural History*

On March 30, 1988, Plaintiffs filed this action in the Southern District of Mississippi, Western Division, alleging that they were injured by exposure to toxic substances belonging to Defendant Union Carbide Corporation ("Union Carbide") as a result of the negligence of Defendant Billie Ray Williams ("Williams"), an employee of Defendant Enterprise Transportation Company ("Enterprise"). The allegations of the Complaint state that Plaintiffs were resident citizens of the State of Louisiana at the time of the alleged negligent conduct resulting in their injuries, and Plaintiffs have continued to be residents of that state.

On or about October 2, 1986, Williams was employed as a truck driver by Enterprise. At that time, Williams was an adult resident citizen of the State of Texas, and has continued to be a resident of the State of Texas. On or about October 2, 1986, Williams was operating a truck and trailer in the city of Alexandria, Louisiana. The tanker/trailer contained a chemical known as ethyl acrylate. In their complaint, Plaintiffs allege that some of this chemical leaked from the tanker/trailer while Williams was passing through the City of Alexandria, and that Plaintiffs were injured as a result thereof.

On or about September 28, 1987, Plaintiffs filed a petition in the Ninth District Court of Rapides Parish, Louisiana, naming as Defendants Williams, Enterprise, and Union Carbide, contending that these Defendants were liable to the Plaintiffs for injuries sustained as a result of the chemical leakage which occurred in Alexandria, Louisiana. The Defendants in the Louisiana action removed that action to the United States District Court for the Western District of Louisiana, Alexandria Division.

As noted above, on March 30, 1988, Plaintiffs filed their Complaint in this action naming the same parties, Williams, Enterprise, and Union Carbide as Defendants. The Court notes that the allegations in the Complaint before this Court are substantially similar to those set forth in the petition filed by the Plaintiffs in the Louisiana action.

Union Carbide's pending motion requests the Court to dismiss this action or alternatively, to transfer the action to Louisiana or stay the proceedings in this Court pending a resolution of the Louisiana action. Plaintiffs have moved for a change of venue of this action to the United States District Court for the Western District of Louisiana, Alexandria Division. Defendants Enterprise and Williams have moved to dismiss this action based on improper venue or, alternatively, to transfer the action to Louisiana. Williams and Enterprise have also moved to dismiss this action as duplicative of the Louisiana action or alternatively to stay proceedings in this action pending judgment in the Louisiana action. Enterprise and Williams also seek an award of sanctions against the Plaintiffs. Union Carbide has joined in Williams' and Enterprise's Motion for Sanctions.

### II. *Conclusions of Law*

A. Defendants' Motions to Dismiss.

All three Defendants have moved for dismissal of this action on several different

theories, including: (a) this action is duplicative of litigation presently pending in the United States District Court for the Western District of Louisiana; (b) the Southern District of Mississippi is not the proper venue for this action; and, (c) *forum non conveniens*. Plaintiffs have in effect admitted that this Court is the improper forum for the present action by filing their pending Motion for Change of Venue. In opposition to the Defendants' motions, Plaintiffs explain that this action was brought in Mississippi to preserve their punitive damages claims which were time-barred under the Louisiana statute of limitations at the time Plaintiffs sought to amend their complaint in the Louisiana action to state an additional claim for punitive damages.

■ It is clear from the face of the Complaint that Mississippi has no connection with this litigation.[1] As the amended complaint indicates, Defendant Williams is a resident of the State of Texas. Defendant Enterprise is a Texas corporation with its principal place of business in the State of Texas. Defendant Union Carbide is a New York corporation with its principal place of business in the State of Connecticut, but is qualified to do business in Mississippi. The controlling venue statute, 28 U.S.C. § 1391(a), provides as follows:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

All Plaintiffs in this action reside in the State of Louisiana. The claim arose in the State of Louisiana. Therefore, the United States District Court for the Western District of Louisiana is a proper forum for this litigation. This Court is not a proper forum. Plaintiffs acknowledged as much by filing their earlier lawsuit in the Louisiana court. When the court determines that an action has been brought in the improper place, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Insofar as this action was improperly brought in this Court at a time when Plaintiff had an identical suit pending in another court, the Court is of the opinion that this cause should be dismissed. Dismissal conforms to the Supreme Court's suggestion that federal district courts should avoid duplicative litigation. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). Since the Plaintiffs have an almost identical lawsuit pending before the United States District Court for the Western District of Louisiana, the Court finds that this duplicative litigation should be dismissed.

B. Defendants' Motion for Sanctions.

Defendants Williams and Enterprise have moved for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Union Carbide joins in that motion. The Court is of the opinion that the Motion for Sanctions should be sustained.

■ Rule 11 imposes upon an attorney certain affirmative duties, including a duty to conduct a reasonable inquiry into the facts and a reasonable inquiry into the law. Rule 11 also imposes a restriction upon attorneys requiring that motions not be interposed for the purpose of delay, harassment or increasing the cost of litigation. Additionally, an attorney may be held personally liable for excess costs, expenses and attorneys' fees if his action "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. It is the opinion of the Court that the Complaint filed in this action does not indicate a reasonable inquiry into either the facts or the law and that the subject complaint both unreasonably and vexatiously multiplied the proceedings before this Court.

Reasonable inquiry into the facts supporting the Complaint in this action would have revealed and subsequently did reveal

---

1. In his affidavit in support of Plaintiffs' Motion for Change of Venue, Plaintiffs' counsel admits that Mississippi has no connection with this litigation.

that this action has no connection with the State of Mississippi. Moreover, there are in fact no allegations in the Complaint that all of the Plaintiffs or all of the Defendants are residents of Mississippi. Rather, the Complaint and the Amended Complaint contain no allegation of any Mississippi resident involved in this litigation. Furthermore, the affidavit of Plaintiffs' attorney filed in support of the Plaintiffs' Motion for Change of Venue sets forth that the accident occurred in Alexandria, Louisiana and that the claim has no connection with the State of Mississippi. It appears to the Court that the only justification for the filing of the complaint in this action was an attempt on the part of Plaintiffs' attorney to obtain the benefit of Mississippi's six year statute of limitations. *See* Miss.Code Ann. § 15-1-49 (1972). The Complaint contains no factual allegations which would support venue in the State of Mississippi.

Likewise, even a cursory review of the federal venue statute, 28 U.S.C. § 1391, should have revealed to Plaintiffs' counsel that venue was improper in this Court. Plaintiffs' counsel has advanced no argument for the extension, modification, or reversal of existing law so as to provide for venue in this Court. As the Fifth Circuit has recently ruled, "[o]nce a violation of Rule 11 is established, the rule mandates the application of sanctions." *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 876 (5th Cir.1988). In assessing sanctions pursuant to Rule 11, the Fifth Circuit has ruled that "the sanction imposed should be the least severe sanction adequate to the purpose of Rule 11." *Id.* at 878. In the present case, the Court is of the opinion that the appropriate sanction is an award of the attorney's fees and costs incurred by the Defendants in presenting their respective motions to dismiss. It will be so ordered.

IT IS THEREFORE ORDERED that this action be and the same is hereby dismissed with prejudice. It is further ordered that the Defendants be and they are hereby awarded sanctions from Plaintiffs' counsel in the amount of their reasonable attorneys' fees and costs incurred in the presentation of their respective motions to dismiss. Defendants' counsel shall submit their statements of fees and costs ten days from the date of this Memorandum Opinion and Order, and Plaintiffs' counsel shall submit his objections, if any, five days thereafter. The Court will enter a final judgment in this matter after its ruling on sanctions.